MARO BROWNFIELD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10995.    Promulgated November 3, 1927.

Where petitioner, on the cash receipts and disbursements basis, in December, 1922, assigned an interest in an oil and gas lease, receiving therefor $7,500, the purchaser to pay an additional $7,500 upon the happening of specified contingencies, and the additional amount was paid in January, 1923, *held,* that petitioner should return for 1922 the amount of $7,500 as the sale price of his interest in the lease.

*Louis B. Montfort, Esq.,* and *Spaulding F. Glass, C. P. A.,* for the petitioner.

*W. F. Wattles, Esq.,* for the respondent.

This proceeding is for the redetermination of deficiencies in income tax for the calendar years 1921 and 1922 in the amounts of $41.20 and $688.80, respectively. Only the deficiency for the year 1922 is in dispute as the petitioner did not challenge the Commissioner's determination for 1921. The sole question presented with respect to the year 1922 relates to the amount received by the petitioner from the sale of an interest in an oil and gas lease.

#### FINDINGS OF FACT.

The petitioner is an individual who is, and was during the year 1922, a resident of Iola, Kans.

About May, 1922, with Messrs. Davis, Sleeper, and Leavell, as coowners, the petitioner acquired an undivided one-fourth interest in a certain oil and gas lease. In July of the same year, the petitioner and the other owners assigned an undivided one-half of their individual interests to the Syndicate Oil Co. in consideration for the drilling of a well on the property, equipment for which was furnished by petitioner and coowners. The cost of petitioner's share in the lease and of the agreed development expenses was $1,825.66.

On December 23, 1922, petitioner executed and delivered an assignment of his remaining interest in the lease, at that time an undivided one-eighth, to one Bowlus and received therefor $7,500. It was understood and agreed between the petitioner and Bowlus that the petitioner would be paid an additional sum of $7,500 provided three conditions were complied with, to wit, that the lease should continue to be satisfactory to the purchaser; that the petitioner should show a clear title; that the lease be free and clear from all incumbrances. The petitioner did not receive any evidence of indebtedness for the

additional $7,500 and there was no time specified in which payment was to be made, if at all.

On January 5, 1923, the additional $7,500 was paid to the petitioner, who kept his books on a cash receipts and disbursements basis, and who in his return for 1922 reported as income, with certain adjustments thereto, the amount of $7,500.

Upon audit of the return, the Commissioner determined that the transaction in question was completed in 1922 and that the amount of $15,000 should have been returned as the sale price of the lease and profit computed thereon.

## OPINION.

LOVE: The petitioner takes the position that, being on the cash receipts and disbursements basis, and the payment of the additional $7,500 being contingent upon the happening of further events, he is required to report only the amount actually received in 1922.

The respondent, on the other hand, contends that the transaction in question was completed in 1922, and that the purchase price was $15,000, which should be reported in that year.

We think that the conditions attached to the payment of the additional $7,500, by agreement of the parties, are such as to preclude us from holding that the petitioner should return in 1922 the amount of $15,000. The conditions agreed upon by the parties were such that payment of the additional amount might never have been made, and, if the parties to the transaction wish to annex such conditions thereto, it seems that it is within their province to do so. In any event petitioner received nothing in the year 1922 in excess of $7,500 which could be treated as income on the cash basis under the statute.

We conclude, therefore, that the Commissioner erred in determining that the $7,500 of the amount of $15,000 received in 1923 should be returned in 1922 as a part of the sale price of the petitioner's interest in the lease in question. A copy of the notice of deficiency with the Commissioner's computations is not before us, and consequently we are unable to compute the deficiency, if any, as to the year 1922.

*For the year 1921 there is a deficiency of $41.20. For the year 1922 judgment will be entered on 15 days' notice, under Rule 50.*

Considered by SMITH, TRUSSELL, and LITTLETON.